**Michele EARLEY, Plaintiff–Appellant,**

v.

**Martin KEENAN, Defendant–Appellee.**

**No. 03–3751.**

United States Court of Appeals, Sixth Circuit.

Feb. 6, 2004.

Michele Earley, East Cleveland, OH, for Plaintiff–Appellant.

Before KENNEDY, DAUGHTREY, and COLE, Circuit Judges.

*ORDER*

This is a direct appeal from a district court judgment dismissing sua sponte a pro se civil complaint. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2003, Michele Earley filed a complaint in forma pauperis seeking monetary damages from an individual named Martin Keenan. The district court, per Judge Kathleen O'Malley, ordered the complaint dismissed sua sponte on the authority of 28 U.S.C. § 1915(e). This appeal followed.

Earley's pro se appellate brief is a barely coherent narrative challenging the district court's decision in its entirety. Complaints filed in forma pauperis are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery,* 207 F.3d 863, 866 (6th Cir.2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. This court reviews de novo a district court's decision to dismiss a complaint pursuant to section 1915(e)(2). *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997).

Earley filed her complaint on a prisoner civil rights form, although at no place in the complaint does Earley reference 42 U.S.C. § 1983 or any other jurisdictional basis for the complaint. Earley asked Judge O'Malley to recuse herself and she listed "North East Pre Release Center" as her current place of confinement. Early also refers in passing to "back pain medication" and an x-ray result. The lone defendant is Martin Keenan, apparently a Cleveland-area attorney, and the claim for relief reads as follows:

> For compensation for bodily injuries caused by defendant Martin Keenan while representing me in a juvenile case, causing disability to my back and surgery to my shoulder. I filed 2 claims for the sum of $7,000,000.00

Judge O'Malley examined the pleading, declined to recuse herself, and ordered the complaint dismissed. The court explicitly found that, despite the liberal interpretation accorded pro se pleadings, it was virtually impossible to discern the jurisdictional basis for the complaint or to divine Earley's theory of recovery.

The complaint may be interpreted as a prisoner civil rights case, a federal diversity action, or a state court personal injury case in which Earley is seeking federal court review. A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). The absence of any concrete factual or legal basis for any of the possible interpretations of the complaint supports the district court's decision in its entirety. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).

Accordingly, the motion for pauper status is denied, all other pending motions are denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.